**BEN CHENG LIN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Respondents.**

No. 07–5358–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

**418**

Ben Cheng Lin, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel, John D. Williams, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Ben Cheng Lin, a native and citizen of the People's Republic of China, seeks review of a November 2, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Chin Chin Dong,* No. A78 745 489 (B.I.A. Nov. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)) ("There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to devel-

op and present their respective cases."); *see also INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted).

When the agency denies a motion to reopen, this Court reviews the the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen.[1] A party may file only one motion to reopen and such motion must be filed within ninety days of the issuance of a final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, those time and numerical limitations do not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or

---

1. We lack jurisdiction to review any challenge to the BIA's decision not to reopen Lin's proceedings sua sponte because that decision

was "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); 8 C.F.R. § 1003.2(a).

presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

It is undisputed that Lin's motion to reopen was untimely.[2] 8 C.F.R. § 1003.2(c)(2). However, Lin claimed in his motion that local officials had learned of the recent birth of his first child and that because of this "new development," he feared being subjected to a forced sterilization. The BIA properly found that this change in personal circumstances could not establish changed country conditions excusing the untimeliness of Lin's motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir. 2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen); 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Moreover, although Lin submitted letters from his father and neighbor stating that his parents were detained due to his family planning violation, the BIA did not abuse its discretion in finding that he failed to present any evidence of changed country conditions where the letters did not reference past policy or any change in policy enforcement. *See Kaur,* 413 F.3d at 233. Because the BIA properly found that Lin's evidence was insufficient to establish changed country conditions, it properly denied Lin's motion to reopen as untimely. *See* 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, we need not reach its other findings.[3]

**2.** We need not decide whether Lin's motion was properly deemed numerically barred where his first "motion to reopen" was construed by the BIA as a motion to reconsider.

**3.** Although Lin's motion to reopen included a brief reference to his former attorney's al-

leged ineffective assistance, because he failed to reference the BIA's findings in this regard in his brief to this Court, we deem waived any such claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).